# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:11-CR-361** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **WILLIE ELMORE (2),** | : | |
| | : | |
| **Defendant** | : | |

## **MEMORANDUM**

In August 2012, a jury found defendant Willie Elmore ("Elmore") guilty of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  Elmore moves pursuant to 28 U.S.C. § 2255 for *vacatur* of his Section 924(c) conviction and the accompanying consecutive 84-month sentence, relying on the United States Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).  We conclude that Johnson has no application to Elmore's Section 924(c) conviction and sentence.  Accordingly, we will deny Elmore's motion.

## I.    **Factual Background & Procedural History**

On December 20, 2011, a federal grand jury sitting in Harrisburg, Pennsylvania, returned a two-count indictment against Elmore and codefendant Tristan Green ("Green").  The indictment charged Elmore and Green in Count I with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and in Count II with carrying, using, and brandishing a firearm in furtherance of a crime of violence.  (Doc. 1).  The case proceeded to a jury trial on August 14, 2012.  On

August 17, 2012, after three days of evidence, the jury returned a guilty verdict against Elmore and Green on both counts. (Doc. 106).

On February 13, 2013, the court sentenced Elmore to 168 months imprisonment, consisting of a term of 84 months on Count I and a statutorily mandated, consecutive term of 84 months on Count II. (Doc. 154); see 18 U.S.C. § 924(c)(1)(A)(ii). Elmore appealed to the United States Court of Appeals for the Third Circuit, (Doc. 155), and the Third Circuit affirmed Elmore's conviction and sentence on December 18, 2013, see United States v. Elmore, 548 F. App'x 832 (3d Cir. 2013) (nonprecedential).

Elmore filed the instant motion (Doc. 208) to vacate and correct his sentence on May 13, 2016, through appointed counsel. The motion is fully briefed. At the request of Elmore's counsel, (Doc. 225), we stayed resolution of the motion pending the Supreme Court's decision on whether to grant *certiorari* in a pair of Third Circuit cases that bypassed the constitutional challenge presently raised by Elmore, (see Doc. 227); see also United States v. Galati, 844 F.3d 152, 155 (3d Cir. 2016); United States v. Robinson, 844 F.3d 137, 141 (3d Cir. 2016). The Supreme Court denied *certiorari* in both cases. See Robinson v. United States, 138 S. Ct. 215 (2017); Galati v. United States, 138 S. Ct. 636 (2018). Elmore's motion is now ripe for disposition. (See Doc. 229).

## II. Standard of Review

Under Section 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that

2

the sentence was imposed in violation of the Constitution or the laws of the United States." Id. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

## III. Discussion

Elmore filed the instant motion seeking to vacate his Section 924(c) conviction and consecutive mandatory minimum sentence based on the Supreme Court's 2015 Johnson decision.[1] Section 924(c) establishes enhanced punishments for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The length of the mandatory minimum term depends on whether the defendant uses, carries, or

---

[1] We assume without deciding for purposes of this analysis that Elmore's motion is not barred on nonjurisdictional grounds of untimeliness or procedural default. See United States v. Doe, 810 F.3d 132, 153-54 (3d Cir. 2015); United States v. Bendolph, 409 F.3d 155, 164 (3d Cir. 2005); cf. Day v. McDonough, 547 U.S. 198, 209 (2006) (holding that district courts have discretion in context of petitions under 28 U.S.C. § 2254 "to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition").

3

possesses the firearm (5 years), brandishes the firearm (7 years), or discharges the firearm (10 years).  See id. § 924(c)(1)(A)(i)-(iii).  Under the statute, a felony offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," id. § 924(c)(3)(A), or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," id. § 924(c)(3)(B).  Courts refer to these clauses respectively as the "elements clause" and the "residual clause."  Galati, 844 F.3d at 154; Robinson, 844 F.3d at 140-41.

The Supreme Court in Johnson addressed a vagueness challenge to the constitutionality of a residual clause under a different part of Section 924, the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  The ACCA compels a mandatory minimum sentence of 15 years' imprisonment for persons convicted under 18 U.S.C. § 922(g) who have acquired three prior, adult convictions for a "violent felony" or a "serious drug offense."  18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" to include three categories of offenses: (1) crimes having "as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) crimes of burglary, arson, or extortion, or which involve use of explosives; and (3) crimes which "otherwise involve[] conduct that presents a serious potential risk of physical injury to another."  Id. § 924(e)(2)(B)(i)-(ii).  In Johnson, the Supreme Court invalidated the third clause, the "residual clause," as unconstitutionally vague.  Johnson, 135 S. Ct. at 2557.  The Court made its decision retroactively applicable to cases on collateral review one year later, in Welch v. United States, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016).

Vagueness challenges have been raised to similar residual clauses in the wake of Johnson. In Beckles v. United States, 580 U.S. ___, 137 S. Ct. 886 (2017), the Supreme Court rejected a challenge to the residual clause of the United States Sentencing Guidelines' career offender definition, concluding that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause. Beckles, 135 S. Ct. at 890-92. In Sessions v. Dimaya, 584 U.S. ___, 138 S. Ct. 1204 (2018), the Court applied Johnson to find the residual clause of the federal criminal code's definition of crime of violence, see 18 U.S.C. § 16(b), to be unconstitutionally vague. Dimaya, 138 S. Ct. at 1210, 1213-16, 1223. In January of this year, the Court granted *certiorari* in United States v. Davis, 139 S. Ct. 782 (2019), a case poised to resolve the same constitutional question raised by Elmore, *viz.*, whether the residual clause of Section 924(c)—identical in all material respects to the residual clause of Section 16(b) struck down in Dimaya—is likewise unconstitutionally vague. See QP Report, United States v. Davis, 139 S. Ct. 782 (2019) (No. 18-431), https://www.supremecourt.gov/docket/docketfiles/html/qp/18-00431qp.pdf.

We need not address this difficult question, because Elmore's conviction for armed bank robbery qualifies as a crime of violence under Section 924(c)(3)'s elements clause. The Third Circuit held in United States v. Wilson, 880 F.3d 80 (3d Cir. 2018), that *unarmed* bank robbery under 18 U.S.C. § 2113(a) categorically qualifies as a "crime of violence" under the elements clause of the career offender Sentencing Guidelines. See Wilson, 880 F.3d at 84-85. The court stated: "Unarmed bank robbery by intimidation clearly does involve the 'threatened use of physical force against the person of another.'" Id. (quoting U.S.S.G. § 4B1.2(a)).

5

The Third Circuit was subsequently tasked in <u>United States v. Johnson</u>, 899 F.3d 191 (3d Cir. 2018), to determine whether armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) qualifies as a crime of violence for purposes of Section 924(c). <u>See</u> <u>Johnson</u>, 899 F.3d at 202-04. Because the court found that a conviction under either Section 2113(a) or 2113(d) qualifies as a crime of violence under the elements clause of Section 924(c)(3), it declined to address the defendant's constitutional challenge to the residual clause. <u>See</u> <u>id.</u> at 203.

The court began its analysis by rejecting Johnson's attempt to focus solely on Section 2113(a), which criminalizes bank robbery "by force and violence, or by intimidation." <u>Id.</u> (quoting 18 U.S.C. § 2113(a)). The court emphasized that the defendant was convicted for violation of Section 2113(d), which proscribes *armed* bank robbery—committed when, in the course of committing bank robbery under Section 2113(a), a defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." <u>Id.</u> at 203-04 (quoting 18 U.S.C. § 2113(d)). The court held that armed bank robbery in either of its forms easily meets the elements clause of Section 924(c)(3)(A). <u>Id.</u> at 204. The court also addressed the defendant's claim that unarmed bank robbery under Section 2113(a) cannot qualify as a crime of violence. <u>See</u> <u>id.</u> The court held that "even if Johnson's sole focus on § 2113(a) were analytically sound," its decision in <u>Wilson</u>—which was based on an elements clause nearly identical to Section 924(c)(3)(A)—controlled and refuted the defendant's argument. <u>Id.</u> (quoting <u>Wilson</u>, 880 F.3d at 83-85).

6

Accordingly, in the Third Circuit, bank robbery in its least culpable form (Section 2113(a)) and armed bank robbery (Section 2113(d)) are both crimes of violence under the elements clause of Section 924(c)(3). Elmore was charged with and convicted of armed bank robbery in violation of Section 2113(a) and (d). (See Docs. 1, 106). This conviction qualifies as a crime of violence under the elements clause of Section 924(c)(3).

## IV. Conclusion

We conclude that Elmore is not entitled to Section 2255 relief based on the Supreme Court's decision in Johnson. We will deny Elmore's motion to vacate and correct sentence pursuant to 28 U.S.C. § 2255. We will likewise deny a certificate of appealability, as Elmore has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: April 1, 2019